OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable W. C. Huffaker
County Attorney
Lynn County
Tahoka, Texas

Dear Sir:

Opinion No. 0-3912
Re: When a person prior to June,
1941, was convicted of driv-
ing a motor vehicle under the
influence of intoxicating
liquor and thereafter and
also prior to June, 1941, com-
mitted the offense of driving
a motor vehicle under the
influence of intoxicating
liquor, may he now be indict-
ed as a felon and tried in
the district court?

This is to acknowledge receipt of your recent tele-
gram in which you propound the question stated above.

The statute in effect immediately prior to the
effective date of House Bill No. 73 of the Forty-seventh
Legislature was Article 802 of the Penal Code of Texas as
amended by the Acts of the Forty-fifth Legislature, 1937,
Chapter 60, p. 108, which became effective on March 22,
1937. This statute read as follows:

"Article 802. Any person who drives or
operates an automobile or any other motor
vehicle upon any street or alley, or any other
place within the limits of any incorporated
city, town or village, or upon any public road
or highway in this State while such person is
intoxicated, or in any degree under the in-
fluence of intoxicating Liquor, shall upon con-
viction be confined in the penitentiary for
not more than two (2) years, or be confined
in the county jail for not less than five (5)

days nor more than ninety (90) days and fined not less than Fifty Dollars ($50) nor more than Five Hundred Dollars ($500)."

We presume the above is the statute under which the conviction referred to by you was obtained. If earlier than March 22, 1937, effective date of the above quoted statute, the legal questions raised herein would be the same, since all statutory condemnation of the crime made the offense a felony from the earliest legislation on the subject. See Acts 1935, 44th Leg., 1st C. S., Ch. 424, p. 1654; Art. 802, 1925 Revised Penal Code; Acts 1923, 38th Leg., 2nd C. S., Ch. 23, p. 56.

House Bill No. 73 of the 47th Legislature, Regular Session, became effective on June 17, 1941. Attorney General's Opinion No. 0-3740. By its provisions, Article 802, Penal Code, supra, was amended to read as follows:

"Article 802.

"Any person who drives or operates an automobile or any other motor vehicle upon any public road or highway in this State, or upon any street or alley within the limits of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor, shall be guilty of a misdemeanor, and upon conviction, shall be punished by confinement in the County Jail for not less than ten (10) days nor more than two (2) years, or by a fine of not less than Fifty Dollars ($50) nor more than Five Hundred Dollars ($500), or by both such fine and imprisonment."

Section 2 of said House Bill No. 73 created a new Article of the Penal Code, and reads as follows:

"Sec. 2. The Penal Code of Texas of 1925 is amended hereby by adding a new section to be known as Article 802b and reading as follows:

"'Article 802b.

"'Any person who has been convicted of the misdemeanor offense of driving or operat-

ing an automobile or other motor vehicle
upon any public road or highway in this
State or upon any street or alley within
an incorporated city, town or village,
while intoxicated or under the influence
of intoxicating liquor, and who shall there-
after drive or operate an automobile or
other motor vehicle upon any public road
or highway in this State or upon any street
or alley within the limits of an incorporated
city, town or village, while such person
is intoxicated or under the influence of
intoxicating liquor, shall be guilty of a
felony, and upon conviction be punished by
confinement in the penitentiary for any
term of years not less than one (1) nor
more than five (5).'" (Emphasis ours)

As hereinabove pointed out, the offense of driving
a motor vehicle over and upon a public highway, or street
of an incorporated city or town, while under the influence
of intoxicating liquor, has always been a felony in Texas
from the time of the first legislation on the subject until
the passage of House Bill No. 73, supra. Article 802 as it
now stands because of the amendment incorporated in House
Bill No. 73, supra, makes the offense a misdemeanor. Arti-
cle 802b, supra, does not change this, but creates a new
offense, making it a felony to drive and operate a motor
vehicle while intoxicated, etc., applicable only to a per-
son who has been convicted of the misdemeanor offense of
driving and operating such vehicle while intoxicated, etc.

As the second offense referred to in your tele-
gram was apparently committed prior to June 17, 1941, the
defendant would have an election whether to be tried under
Article 802 as the article stood on the date of the of-
fense. See our opinion No. 0-3740, enclosed herewith. We
believe that opinion will answer your questions in event
such express election should be made by the party under
investigation.

In this opinion we hold that the new Article
802b would have no application to one convicted under the
felony statutes condemning drunk drivers. In the event of

an express election, we can conceive (but in fancy only) of a conviction under Article 62 of the Penal Code which provides enhanced punishment for second convictions for a felony, but such appears so remote we will pretermit a discussion of same.

Your question is specifically answered that a person who, prior to June 17, 1941, was convicted of driving a motor vehicle while under the influence of intoxicating liquor and thereafter and also prior to June 17, 1941, committed the offense of driving a motor vehicle while under the influence of intoxicating liquor, may be indicted by the grand jury; but he may be tried for a felony in the district court only upon his election as provided by Article 13 or 15 of the Penal Code, as pointed out in our former opinion, No. O-3740.

In connection with the general subject matter of this opinion, and opinion No. O-3740, we wish to direct attention to the fact that while in most counties the district court has original trial jurisdiction of felonies only, and the county court has original trial jurisdiction in misdemeanor cases, the Constitution authorizes the Legislature to divest a county court of its criminal jurisdiction and to confer the same upon the district court of the county. See Article 5, Sections 8, 16, 22, Constitution of Texas; Mora v. State, 9 Tex. Cr. R. 406; Johnson v. State, 26 Tex. Cr. R. 395, 9 S. W. 611. This has been done in several instances; and in counties where the district court has had misdemeanor jurisdiction duly conferred upon it, the removal of indictments or transfer of the cases would not only be unnecessary but improper.

It has been suggested that the election of the accused should be obtained, where cases are transferred, from the district court to the county court, before the order of transfer is made. In other words, that the district judge, before transferring the case to the county court, should require the accused to state whether he wished to be tried under the old law as provided in Article 13, Penal Code, supra.

We believe this would be not only permissible, but the preferable practice. It would enable the district court to proceed at once to trial, in the event accused

elected to receive the punishment affixed by the old law; and it would seem to eliminate two useless transfers, first to the county court, and then upon the accused being called to trial in the county court, and electing to be tried under the old law, the re-transfer of the case to the district court. If this procedure should be followed, the order of transfer to the county court should recite that accused refused to be tried under the old law, which in itself would seem to sufficiently show the election to be so tried was specifically waived. If such practice be followed, it occurs to us that the business of both the district and county court could be expedited without injury to anyone.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED SEP 13, 1941

$ GROVER SELLERS

FIRST ASSISTANT
ATTORNEY GENERAL

By                        (signed)
                 Benjamin Woodall
                       Assistant

BW:OO

ENCLOSURE

APPROVED
OPINION
COMMITTEE
BY B. W. B.
CHAIRMAN

O.K.
W.R.K.